## Lima Lake Drainage District v. Hunt Drainage District.

1. DRAINAGE—*Commissioners Must Comply with Statute Before They Can Incur Expenses.*—Before the commissioners of a drainage district can incur the expense of additional work provided for by a special contract, the requirements of the statute, as to giving notice to the owners of lands in the district, and an opportunity to be heard and contest the propriety of the work and expenses contemplated, must be complied with.

Assumpsit.—Appeal from the Circuit Court of Hancock County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed in part. Opinion filed February 19, 1902.

A. W. O'HARRA and HAMILTON & WOODS, attorneys for appellant.

WM. C. HOOKER, TRUMAN PLANTZ and SCOFIELD & MC-MAHAN, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Both these drainage districts were organized under the act in force May 29, 1879, and the amendments thereto, and this action of assumpsit was by appellant against appellee to recover the proportionate share of the latter of certain improvements made by the former by virtue of the provisions of a special contract entered into by the commissioners of each district, which contract had been approved by the county courts of both Adams and Hancock

counties, where the districts were respectively located and had been organized.  By the seventh paragraph of the agreement it was provided " that in case it shall become necessary, after the construction of said levee in said Lima Lake Drainage District, to put in trunks or other works in order to relieve said Lima Lake Drainage District of surface and other water, each party hereto shall bear and pay its proportionate share of the cost and expense of obtaining, constructing and putting in the same, and of keeping the same in operation and repair, such proportionate cost and expense to be determined on the basis of the area and acreage of the lands of the two districts respectively."  It was further provided therein that said contract should not be in force or effect until approved by an order of the County Court of Hancock County and Adams County.

After the making of the said contract and its approval by the respective courts aforesaid, the levee therein provided for was built and the appliances provided for relieving the plaintiff district of surface and other water proved to be insufficient, and the plaintiff district put in certain iron pipe in order to relieve it from such water, and paid all the expenses thereof.

The appellee refused to pay its proportionate share, or any part of the cost and expense of the work necessary to relieve appellant district from such water in accordance with the terms of the contract, and this suit was brought to enforce the provisions of such contract, and by the declaration in the case, the facts we have recited were disclosed, together with other facts, not necessary to be stated for a proper decision of the case.  The declaration does not aver that the work for which this suit is brought was ever reported by the commissioners to the court, and its approval obtained after notice to the owners of land, as required by statute.

A demurrer was sustained to the declaration by the court, and appellant abiding by its declaration the court gave its judgment in bar of the action and also for costs, and awarded an execution.  Appellant then prayed an appeal without

bond.   The court granted the appeal but required an appeal bond as a condition whereby the appeal should be effected, which was given accordingly, and the appeal is brought to this court and a reversal of the judgment is insisted upon because the court erred in giving a judgment for costs, and awarding execution, in requiring an appeal bond, and in sustaining the demurrer to the declaration.   It was error to award an execution against the district, and this part of the judgment will be reversed.   Appellant having complied with the order of the court requiring an appeal bond, is now in no position to complain in that respect.

The declaration containing no averment that the proposed work was reported to the court by the commissioners, and after notice to the land owners as required by the statute a hearing thereon was had and confirmation thereof by the court upon such hearing, it will be most strongly construed against appellant, and it will therefore be inferred none of these steps were taken.   We are therefore of the opinion the approval by the county courts of the contract was ineffective to give the commissioners power to do the work mentioned therein, so as to charge the land owners with the costs and expenses thereof.   If the contract is to be regarded as the report of the commissioners to the court of the proposed work, which it is evident it was not, under the provisions of section nine of the act, still the requirement of the statute as to giving notice to the owners of lands in the district, and an opportunity afforded them to be heard and contest the propriety of the work and the expenses contemplated was not complied with, and until this was done no right existed to incur the expense, which alone could be paid by an assessment upon the lands in the district according to benefits conferred by such work or improvement, and the doctrine of estoppel, relied upon, can have no application until the real parties in interest are placed in a position to have it invoked against them.   This precise question was before the court in Badger et al. v. Inlet Drainage District, 141 Ill. 540, and there every point was determined against appellants' contention here.   That case so com-

pletely sets at rest the want of power in the commissioners to incur the expense of the additional work provided by the special contract in this case, without first fulfilling the requirements of the statute, that we feel that it would be useless to do more than refer to it.

So much of the judgment as awards an execution against appellant will be reversed, but the judgment will otherwise be affirmed—each party to pay one half the costs of . this court.

Judgment affirmed in part.